

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 30, 2013**

**United States Bankruptcy Judge**

___

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TARA SINGH, | § | CASE NO. 13-31523-13-HDH |
| a/k/a Tara Somwaru Singh | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

McKinney Avenue Property Number 2, Ltd. ("McKinney Avenue"), a creditor of Tara Singh ("Debtor"), filed a Motion to Convert Chapter 13 Case Back to Chapter 7 ("Motion"), to which the Debtor objected and responded.  The Court conducted a hearing on the motion on September 23, 2013.

Debtor filed a voluntary chapter 7 petition on March 27, 2013, and McKinney Avenue filed a complaint pursuant to 11 U.S.C. § 727 to object to the Debtor's discharge.  Debtor filed a motion to convert the case from chapter 7 to chapter 13 on July 10, 2013, which the court granted on July 11, 2013.  Subsequently, McKinney Avenue filed the Motion to reconvert the chapter 13 case back to chapter 7.

McKinney Avenue bases its Motion to reconvert on a few key allegations of the Debtor's conduct: (i) that Debtor and her husband used a bank account in their daughter –in–law's name after their bank account was garnished by a state appointed receiver, (ii) that Debtor and her husband transferred two cars to her children pre-petition, (iii) that Debtor and her husband paid for their son's wedding venue pre-petition, (iv) that Debtor purchased a BMW automobile in 2012 and made a $12,000 down payment on said automobile, and (v) that Debtor made large house payments pre-petition.  McKinney argues that these acts should prevent Debtor from being able to move forward with her chapter 13 case.  For the following reasons, the court finds that Debtor's conduct did not amount to bad faith and she is allowed to proceed with her chapter 13 case.

The United States Supreme Court's ruling in *Marrama v. Citizens Bank*, 549 U.S. 365 (2007) sets the background for this issue.  The court in this case found that a debtor forfeited his right to convert to chapter 13 because his conduct in filing his chapter 7 case amounted to bad faith.  *Id.* at 371.  The debtor in *Marrama* misrepresented the value of certain real estate and the fact that he had transferred the same real estate during the year prior to the petition, which the court found sufficient to prevent the debtor from proceeding in chapter 13.  *Id.* at 368.  The court reasoned that 11 U.S.C. § 706(d) stands for the proposition that there is not an "absolute right" to convert to chapter 13, if the debtor would not be eligible under chapter 13 in the first place.  *Id.* at 372 ("The "words 'unless the debtor may be a debtor under such chapter' expressly conditioned [debtor's] right to convert on his ability to qualify as a 'debtor' under Chapter 13."). The Fifth Circuit in *Jacobsen v. Moser (In re Jacobsen)* concluded that debtor's conduct must be "atypical" or "extraordinary" to amount to bad faith.  *Jacobsen v. Moser (In re Jacobsen)*, 609 F.3d 647, 662 (5th Cir. 2010).  In that same vein, a debtor has been found to have acted in bad

faith when the debtor's "testimony in the bankruptcy court revealed that his schedules, statement of financial affairs, and statement of current monthly income contained a large number of similar misrepresentations." *In re Elliot*, 506 Fed. Appx. 291, 294 (5th Cir. 2013).

In the present case, McKinney would have this court hold that Debtor's conduct amounted to bad faith, but it simply does not. McKinney's strongest argument is Debtor's use of her daughter-in-law's bank account, but Debtor had a compelling justification for so doing: her primary bank account had been garnished and frozen by the state-appointed receiver. Next, Debtor's transfer of the automobiles was not improper because these would be exempt from the bankruptcy estate. Therefore, this caused no prejudice to the creditors and is not indicia of any fraudulent activity. Also, Debtor's alleged purchase and $12,000 down payment on the BMW automobile was in fact made by her non-debtor spouse, as indicated by the non-debtor spouse's testimony. Lastly, Debtor's payments for her son's wedding and regular house payments were not improper or irregular and do not amount to bad faith or fraudulent conduct. It does not appear to the court that Debtor's activity was in bad faith because it was not "atypical" or "extraordinary" as required by *Maramma* and its progeny. Unlike *Elliot*, Debtor did not make any gross misrepresentations in regard to her schedules or statements of financial affairs that would amount to bad faith. In fact, Debtor disclosed all of the transactions that McKinney pointed to as being questionable, further buttressing her claim of good faith. For the foregoing reasons, Debtor shall be permitted to proceed in chapter 13 and the motion to reconvert to chapter 7 is **DENIED**.